UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESUS CHAVEZ-BORJA PETITIONER

V. CIVIL ACTION NO. 3:25-CV-576-DPJ-ASH

WARDEN UNKNOWN CHILDRESS RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Jesus Chavez-Borja, a prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' denial of credits he says he earned under the First Step Act. As explained below, the undersigned recommends the petition be denied.

I. Facts and Procedural History

Chavez-Borja is serving a 70-month term of imprisonment following his guilty plea to a drug-trafficking charge in the Middle District of Florida. He claims that he is entitled to FSA credits "for the time he endured on lockdown during the global COVID-19 Pandemic" that should be credited toward placement in a residential reentry center or on home confinement. Pet. [1] at 1. Respondent responded in opposition to Chavez-Borja's petition, and Chavez-Borja filed no reply.

II. Analysis

A federal inmate may attack "the manner in which a sentence is carried out or the prison authorities' determination of its duration" in a habeas petition under 28 U.S.C. § 2241 filed in the "district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A challenge to the BOP's determination of eligibility to earn FSA time credits is properly brought under § 2241. *See Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12,

2024) (considering appeal of denial of § 2241 petition challenging BOP's conclusion that prisoner was ineligible for FSA time credits).

The FSA "awards time credits to inmates 'who successfully complete[] evidence-based recidivism reduction programming or productive activities.'" *Vargas v. Rivers*, No. 24-10703, 2025 WL 1380067, at *1 (5th Cir. May 13, 2025) (quoting 18 U.S.C. § 3632(d)(4)(A)). The statute provides that earned time credits generally "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). But it excepts from those prisoners who may "apply time credits under subparagraph (C)" all prisoners who are "the subject of a final order of removal under any provision of the immigration laws." *Id.* § 3632(d)(4)(E). On March 16, 2006, an immigration judge granted Chavez-Borja's application for voluntary departure "with an alternative order of removal to Mexico." Immigration Order [11-4]; *see also Alao v. Warden Fed. Med. Ctr. Ft. Worth*, No. 26-10107, 2026 WL 2199513, at *1 (5th Cir. July 30, 2026) (explaining that "an administrative order of removal . . . may be final upon issuance" and that the petitioner "has made no showing that [his] Expedited Order of Removal was not final"). He is therefore not eligible to apply FSA time credits towards his sentence. *See Ramos v. Warden*, No. 3:24-CV-508-KHJ-MTP, 2025 WL 1914401, at *1 (S.D. Miss. Apr. 8, 2025), *report and recommendation adopted*, 2025 WL 1604345 (S.D. Miss. June 6, 2025).[1]

[1] Respondent is correct that Chavez-Borja did not properly exhaust his claim with the BOP. But "[b]ecause exhaustion is not a jurisdiction prerequisite to bringing a § 2241 petition, the Court may address the merits of such a petition notwithstanding a lack of exhaustion." *Nichols v. Joslin*, No. 3:04-CV-59, 2005 WL 1017833, at *4 (N.D. Tex. Mar. 25, 2005), *report and recommendation adopted*, 2005 WL 1017844 (N.D. Tex. Apr. 28, 2005).

III. Conclusion and Recommendation

The undersigned has considered all arguments. Any not directly addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends that Chavez-Borja's § 2241 petition be denied.

IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).